NOBLE vs. WORTHY.

Opinion delivered October 30, 1897.

*Assignment Law—Certain Section of Sandel & Hill's Digest not in force.*

Section 320 of Sandel & Hill's Digest of Arkansas, providing
that an assignment may be contested for fraud, and proof of
fraud on the part of the assignor shall be sufficient and in vali-
date the assignment whether assignee knew it or not, is not in
force in the Indian Territory.

*Exclusion of Testimony—Error.*

By agreement of counsel representing all parties, the issues be-
tween plaintiff and interpleader were first tried by jury. The
attachment issue was not tried by a jury and it was agreed
by the parties that the court should pass upon the attachment
issue upon the same evidence submitted to the jury. Plaintiff
offered the testimony of the defendant to show certain facts
which would have been proper on the attachment issue, but
was not proper upon the issue between plaintiff and inter-
pleader. *Held,* That the exclusion of such testimony before
verdict, was error.

*3.  Deed of Assignment—Preferring Relatives—Not Sufficient Arouse Suspicion of Assignee.*

The fact that the assignor preferred his wife and son-in-la not of itself sufficient to arouse the suspicions of the assig and to cause him to inquire into the bona fides of such d before he could lawfully accept the trust.

*4.  Unforseen Solvency Not Sufficient to Arouse Suspicion of Assig*

There was evidence that upon the day before the assignmer appeared upon an investigation that assignor was ·insol The deed preferred claims large enough to consume the e assets. Assignee testified that his impression was, that firm was in good circumstances. *Held*, The mere fact of foreseen insolvency is not a fact which would arouse the picions of ordinary persons as to the insolvency.

*5.  Duty of Assignee to Investigate Good Faith of Assignor.*

Before assignee will be required to investigate the good fait an assignment for the benefit of creditors, it must appear the evidence that at the time of the execution of the a ment he was in possession of some fact or circumstance gestive of fraud.

Appeal from the United States Court for the Sout District.

C. B. KILGORE, Judge.

Action in attachment by Noble Bros. vs J. N. Wo

Lee Cruce, assignee, Interpleader.    Judgment Interpleader.   Plaintiff appeals.   Affirmed.

This was an action begun on January 10, 189 the United States court, at Ardmore, by plaintiffs, Bros., to recover of the defendant, J. N. Worthy, a owing by him for a bill of goods sold to him by the plai An attachment was sued out, on the ground that the de

Worthy, had sold, conveyed, and otherwise disposed of property with fraudulent intent to cheat, or defraud his ditors, or to hinder and delay them in the collection of r debts. The attachment was levied upon a stock of ily groceries as the property of the defendant, which sold, under order of sale granted by the court, for 00, and the proceeds were delivered to the clerk pend-litigation. A number of other attachments were sued by other creditors of the defendant, and levied upon the e property subject to the first attachment, and, by agree-t, all issues in the subsequent attachment suits, includ-the rights of the interpleader, are to abide the results of case, both in the court below and in this court. Before rial, Lee Cruce interpleaded in the case, claiming the eeds of the property sold under the attachment, under by virtue of a deed of assignment executed to him on ary 10, 1894, by the defendant, Worthy. The plaintiff w filed a reply to the interplea, denying the rights of nterpleader to the property, and alleged that the as-nent was executed to hinder and defraud the creditors e assignor. The allegations in the reply, which fur-the issues upon which the case was tried, were specific ull, and are fully set out in the second assignment of . The defendant traversed the ground upon which attachment was sued out, and all the issues in ase were submitted and tried upon the same evi-. But the issue on the attachment was not submit-the jury, and, after the verdict was returned on the between the plaintiff and the interpleader, the court nced that he would hold that the attachment was gfully sued out, and made an order disolving it. The had instructed the jury impaneled in the case to re-verdict for the interpleader, and a verdict was re-l by them accordingly. It was agreed by the parties he court should pass upon the attachment issue upon

the same evidence submitted to the jury. A motion fo[r]
new trial was filed and overruled, and an appeal was d[]
granted to this court.

*C. L. Herbert* and *Ledbetter & Bledsoe,* for appellants

*Johnson, Cruce & Cruce,* for appellee.

SPRINGER, C. J. (after stating the facts.) The p[rin-]
cipal points raised in this case have been determined in [ ]
No. 74, between the same parties 1 Ind. Ter. and in [the]
case of Martin-Brown Co. vs Morris, No .72, 1 Ind. Ter. 495, [k]
decided at this term of the court. In the Martin-Brown Co. [ ]
this court sustained the trial court in overruling the demu[r]
to the deed of assignment, which was in its legal features[,]
same, in substance, as the deed in the case at bar, both co[urts]
holding that the deed was valid on its face. In both of [the]
cases, No. 74 and No. 72, supra, this court overruled[ the]
point, renewed in the case at bar, that it is not necess[ary]
under the law in the Indian Territory, to show that [the]
assignee had knowledge of the fraud of the assignor, or [that]
he had knowledge of such facts and circumstances as sh[ould]
have led to a discovery of the fraud, and that proof of f[raud]
on the part of the assignor is sufficient to invalidate a[n as-]
signment. To sustain this point, counsel contend that [sec-]
tion 320 of Sandels & Hill's Digest of the Laws of Arka[nsas,]
which was enacted by the Arkansas legislature Marc[h,]
1887, was put in force in the Indian Territory by the ac[t of]
congress of March 1, 1889, establishing a court in the In[dian]
Territory. The proviso to section 6 of that act is as foll[ows:]
"Provided, that the practice, pleadings and forms of [pro-]
ceeding in civil causes, shall conform, as near as may b[e, to]
the practice, pleadings and forms of proceeding existi[ng at]
the time in the state of Arkansas." Section 320 of Sa[ndels]
& Hill's Digest is as follows: "Any assignment fo[r]

efit of creditors may be contested or attacked for fraud
any creditor and proof of fraud on the part of the assignor
ll be sufficient to invalidate the assignment whether the
ignee knew of it or not.'' In the two cases above referred
this court held that this provision of the laws of
ansas was not put in force by congress in the Indian
ritory. By the act of congress of May 2, 1890 (section
certain general laws of the state of Arkansas in force at
close of the session of the general assembly of that state
883, as published in 1884, in the volume known as ''Mans-
's Digest of the Statutes of Arkansas,'' which were not
lly inapplicable or in conflict with that act or with any
of congress relating to the subjects specially mentioned
at section, were extended over and put in force in the
an Territory until congress should otherwise
ide. Among the acts thus put in force in the
an Territory were the provisions of said stat-
relating ''to assignment for benefit of creditors,
ter eight.'' It will be seen these provisions were put
rce ''as published in the volume known as 'Mansfield's
st of the Statutes of Arkansas.''' Before congress
ed the act of May 2, 1890, the legislature of Arkansas,
87, had amended the assignment laws of that state, as
ars in section 320 of Sandels & Hill's Digest. But con-
disregarded this amendment, and put in force in the
n Territory the assignment law ''as published in Mans-
s Digest in 1884.'' On this point, therefore, we adhere
e opinion stated in the Martin-Brown Co. Case, and in
4, between the same parties as the case at bar, decided
s term of this court.

The second assignment of error is as follows: (2)
laintiffs, in reply to the interplea of Lee Cruce, having
ed in substance, that defendant, J. N. Worthy, exe-
the deed of assignment to Lee Cruce with the fraudu-

lent intent of cheating, hindering, and delaying his cre
tors; and that the preferred debts of his wife and son-in-l
were fraudulent and fictitious, and were inserted in sa
deed to cheat, swindle, and defraud the honest creditors
the defendant; and that Lee Cruce, the interpleader, at t
time of the execution thereof, and when he accepted sam
was aware of such facts and circumstances as would p
him upon inquiry, which, if prosecuted by a person of or
nary prudence and sagacity, would have led to a discove
of the fraudulent and fictitious character of said debts; a
having further alleged that, if any portion of the debts
the wife and son-in-law were valid, it was a fraud upon
creditors of the defendant to prefer same in said deed,
the reason that the wife and son-in-law were close, co
dential friends of defendant, and members of his fam
and that he had kept such debts to them a secret, and t
had permitted him to build up a credit with plaintiff
other creditors in the belief that defendant was in g
financial condition, and was not indebted to his wife
son-in-law; and that plaintiffs, without knowledge of
existence of such debts to the wife and son-in-law; and
lieving said defendant was in good financial condition, s
defendant the goods, wares, and merchandise for the va
of which suit was brought; and that the said Lee Cruce,
terpleader, at the time he accepted the said deed, was aw
of such facts and circumstances in regard to the secret c
acter of such debts, and of the wrong and injury that we
result to plaintiffs and other creditors if said wife and
in-law were preferred in said deed, as would put him u
inquiry, and which would put a person of ordinary prud
and sagacity upon inquiry, which inquiry, if prosecu
would have led to the disclosure of the frauds that woul
sult to the plaintiffs and other creditors of the defendan
preferring his said wife and son-in-law. Upon the tria
the cause the plaintiffs introduced the defendant as a

ss, and offered to prove by him that he commenced the ocery business in March, 1893, without a cent's capital; at on said date he was, and continuously since then, up to nuary, 1894, when he assigned, he had been, insolvent and thout any capital whatever; that during said period of he he represented to plaintiffs and his other creditors that was solvent; and that, in his representations to his credi-'s as to his solvency, he always omitted to disclose the t of his indebtedness to his wife and son-in-law. And to e introduction of this evidence the interpleader and de-dant objected, and the court erred in sustaining said ection and excluding said evidence from the jury." By eement of counsel representing all parties, the issues ween the plaintiffs and the interpleader were first tried a jury. At the close of the testimony, the court in-ucted the jury to return a verdict for the interpleader. e attachment issue was not submitted to the jury, and, er the verdict was returned, the court passed upon the chment issue, and held that the attachment was wrong-y sued out; that the grounds alleged for said attachment not been proven; and decreed a dissolution of the at-ment. It was agreed by the parties that the court uld pass upon the attachment issued upon same lence submitted to the jury. Counsel for plaintiffs ned to have overlooked this fact. When they offered ubmit the testimony indicated in their second assign-t of error, the issues being tried were those only **Issues—Evidence.** veen the plaintiffs and the interpleader. The testimony red would have been admissible on the attachment e. If the court had been passing upon the grounds he attachment, the exclusion of this proposed evidence ld have been error. But the issue then being tried was between the plaintiffs and the interpleader. Plaintiffs not offer to show that Lee Cruce, the interpleader, had knowledge of the alleged fraud of the assignor; did

not propose even to show that the interpleader was aw[
of such facts and circumstances as would put him upon
quiry; which, if prosecuted by a person of ordinary p
dence and sagacity, would have led to a discovery of t
fraudulent and fictitious character of the debts mentioned
the deed of assignment. In view of the fact that the iss
between the plaintiffs and the interpleader only were be
tried, the court did not err in excluding the testimony i
cated in plaintiff's second assignment of error. If, after
issues between the plaintiffs and interpleader had been
termined, the plaintiffs had offered to prove the facts i
cated, the court, in passing upon the ground for the atta
ment, would doubtless have admitted and considered
same. But counsel agreed "that the court should pass
on the attachment issue upon the same evidence submi
to the jury." Plaintiffs, having failed in the issue betw
them and the interpleader, were evidently indifferent a
whether their attachment was sustained or not. They c
have their judgement by default against the defendant
the amount of their debt; but having failed to hold the
tached property, there was nothing for them except as
preferred creditors. The sustaining of the attachi
could not prejudice their substantial rights.

The only remaining question of importance in the
is: "Did the court err in instructing the jury to retu
verdict for the interpleader?" We have examined care
the record in the case for the purpose of ascertaining w
er there was any evidence submitted which tended to
that Lee Cruce, the assignee, had any knowledge of, or
ticipated in, any fraud which the defendant, Worthy,
mitted as alleged, or attempted to commit, upon his
tors, by executing the deed of assignment. Plaintiffs
tend in their brief that "the fact that he preferred his
and son-in-law for debts amounting to about $1,300 w

circumstance which should have aroused his [the assignee's] suspicions, and made him inquire into the bona fides of the debts and their effect upon the mercantile creditors of the defendant." There was no testimony submitted to the jury which tended to show that these debts were fictitious or fraudulent. We have only the mere fact that the assignor preferred his wife and son-in-law in his deed of assignment. Is this fact of itself, in the absence of any proof that the debts were fictitious or fraudulent, a circumstance which would have aroused the suspicions of the assignee, and caused him to inquire into the bona fides of such debts, before he could lawfully accept the trust? We think not. If a failing merchant honestly owes his near relatives any amount whatever, why may he not prefer them, if he may make any preferences as to his creditors? It is true that many such preferred debts are fictitious and fraudulent. It is true also of other debts which may be preferred. But the law presumes that all the affairs of men are honest, and fraud is never presumed. If alleged, it must be proven conclusively, by the party alleging it. As the issues between the plaintiffs and the interpleader only were being tried by the jury, we are of the opinion that there is no evidence in the record which tends to show that the interpleader had knowledge of or participated in the alleged frauds of the defendant, or that he was in possession of any circumstance which was so fraudulent in its character as to have aroused his suspicions, and caused him to institute an inquiry into the bona fides of the debts which were preferred in the deed of assignment, before he could lawfully accept the position of assignee. Upon a careful examination of the case, we are of the opinion that there is no reversible error in the record. The judgment of the court below is therefore affirmed.

*Facts held not sufficient to arouse suspicion of assignee.*

CLAYTON and THOMAS, JJ., concur. TOWNSEND, J., being present did not participate.